## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

TERRANCE LAMONT BRITTON,

      Plaintiff,

v.                                                    Case No.  5:18-cv-242-TKW/MJF

RUSSELL VOYLES, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's response to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to comply with two court orders and failure to prosecute.[1]

### I.    Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). On January 28, 2019, Plaintiff filed his first amended complaint. (Doc. 6). On February 25, 2019, Plaintiff filed his second amended complaint. (Doc. 10). After a review of Plaintiff's second amended

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

complaint, the undersigned directed Plaintiff to amend his complaint. (Doc. 22). On August 28, 2019, Plaintiff filed his third amended complaint. (Doc. 44). After review of Plaintiff's third amended complaint, the undersigned noted that Plaintiff's complaint did not comply with the Federal Rules of Civil Procedure and ordered Plaintiff to amend his complaint or file a notice of voluntary dismissal. (Doc. 46). The undersigned provided Plaintiff until March 2, 2020, to comply with that order. (*Id.*). The undersigned warned Plaintiff that failure to comply likely would result in dismissal of this case. Subsequently, Plaintiff filed two motions for extension of time. (Docs. 48, 60). Thus, Plaintiff had until June 18, 2020, to file a notice of voluntary dismissal or a fourth amended complaint. (Doc. 65). Plaintiff did not comply with the undersigned's order.

On July 31, 2020, the undersigned issued an order directing Plaintiff to show cause why this case should not be dismissed for: (1) failure to comply with a court order; and (2) failure to prosecute. (Doc. 66). The undersigned imposed a deadline of August 21, 2020, to comply. On August 19, 2020, Plaintiff responded to this court's order to show cause and stated that he has not complied with this court's order because: (1) he has limited access to writing materials; (2) his "information that supports his case" is being tampered with; and (3) Defendants and Bay County Jail have sabotaged his case. (Doc. 67).

## II.    Discussion

The undersigned recommends that Plaintiff's complaint be dismissed in light of Plaintiff's failure to comply with two court orders and his failure to prosecute.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1)  The duration of Plaintiff's failure to comply.** On January 31, 2020, the undersigned directed Plaintiff to amend his complaint or file a notice of voluntary dismissal. (Doc. 46). The undersigned imposed a deadline of March 2, 2020, to comply. Plaintiff's deadline was extended several times to June 18, 2020. (Doc. 65). Thus, Plaintiff has failed to comply with that order since June 18, 2020.

**(2)  Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

> a.    the order issued on January 31, 2020; and

> b.    the order issued on July 31, 2020.

**(3)  Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 46, 66). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4)  Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because the undersigned is recommending dismissal without prejudice, Plaintiff could refile his claim should he choose to pursue it in the future. Thus, dismissal without prejudice likely would not result in substantial prejudice to him.

**(5)   The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** Plaintiff has been afforded an opportunity to be heard and has received due process consistent with the primary stage of his civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining pending and inactive.

**(6)   The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

On August 19, 2020, Plaintiff responded to this court's order to show cause and stated that he has not complied with this court's order because: (1) he has limited access to writing materials; (2) his "information that supports his case" is being tampered with; and (3) Defendants and Bay County Jail have sabotaged his case. (Doc. 67). Plaintiff failed to show good cause for not complying with this court's orders. Since the date this court ordered Plaintiff to file a third amended complaint or notice of voluntary dismissal, Plaintiff has filed **eleven** handwritten documents with

this court. (Docs. 47, 48, 49, 53, 54, 56, 58, 59, 60, 61, 67). Clearly, Plaintiff has had access to writing materials/paper sufficient to file a fourth amended complaint.

Furthermore, as to Plaintiff's allegation that all the information that supports Plaintiff's case "is being tampered with" and that the Bay County Jail has sabotage his case, such conclusory allegations are insufficient to warrant further delay. Plaintiff does not identify: (1) who is tampering with his information or is sabotaging his case; (2) in what format this essential information exists such that someone could tamper with it or sabotage his case; and (3) the essential information that Plaintiff lacks because of this alleged tampering/sabotage.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires Plaintiff only to set forth in a fourth amended complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff should be able to acquire the relevant facts from his memory. In any event, he has not sufficiently demonstrated that he is being prevented from prosecuting this case.[2] The undersigned has afforded Plaintiff approximately **seven months** to comply with this court's order to file a fourth amended complaint. Plaintiff clearly has elected not to comply with that order.

_____

[2] To ensure that the Bay Count Jail was aware of Plaintiff's allegations and could take corrective action in the event his allegations were true, on May 27, 2020, the undersigned ordered the clerk of the court to transmit a copy of Plaintiff's allegations to the Bay County Sheriff's Office Jail Division. (Doc. 62). That same day, the Bay County Jail confirmed receipt. (Doc. 64).

(7)  **The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to comply. Additionally, because Plaintiff is proceeding *pro se* and *in forma pauperis*, it is unlikely that imposition of a fine would motivate Plaintiff to comply. Dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III.    Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.    This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with two court orders and failure to prosecute.

2.    The clerk of the court be directed to close the case file.

At Pensacola, Florida, this 1st day of September, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or

**recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.